IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORWOOD C. BLACKWELL, <br><br>    Plaintiff, <br><br>    v. <br><br> MARTIN J. O'MALLEY,[1] <br> *Commissioner of Social Security*, <br><br>    Defendant. | Civil Action No. 23-319 |

O R D E R

AND NOW, this 21st day of March, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Act, 42 U.S.C. §§ 401 *et seq.,* finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be

---

[1] Martin J. O'Malley is substituted as the defendant in this matter, replacing former Acting Commissioner Kilolo Kijakazi pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).

affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2] Plaintiff argues that the Administrative Law Judge ("ALJ") erred in evaluating the opinions of Plaintiff's treating physician and psychiatrist and that the ALJ incorrectly analyzed Plaintiff's functional capacity evaluation. (Doc. No. 11). The Court disagrees and finds that substantial evidence supports the ALJ's determination that Plaintiff is not disabled.

Plaintiff contends the ALJ erred in crafting his residual functional capacity ("RFC") by not properly evaluating the consistency and supportability of the opinions of Dr. Francesca Galbiati, M.D., Plaintiff's treating physician, and Dr. Erica Smolcic, M.D., Plaintiff's psychiatrist. (Doc. No. 11). As to Dr. Galbiati's opinion, Plaintiff argues the ALJ's statement that this opinion was inconsistent with Plaintiff's social worker's statement was not an adequate consistency evaluation because the ALJ did not properly explain how she considered this opinion within the social worker's statement. (*Id.* at 12). Further, Plaintiff argues that the ALJ failed to explain how Dr. Galbiati's findings were not supported by her own assessment. (*Id.* at 13). Plaintiff also posits that the ALJ should have ordered further medical examinations because the ALJ rejected Dr. Galbiati's opinion. (*Id.* at 21). Additionally, Plaintiff argues the ALJ improperly evaluated Dr. Smolcic's opinion by failing to note that Dr. Smolcic's examinations took place in a highly controlled setting. (*Id.* at 24-25). Further, Plaintiff argues the ALJ erred in evaluating Plaintiff's functional capacity evaluation because she ignored objective evidence in finding this evaluation was not persuasive. (*Id.* at 28-30). Lastly, Plaintiff contends that the hypothetical posed to the vocational expert ("VE") was in error because it did not incorporate all of Plaintiff's impairments. (*Id.* at 22).

Defendant counters that Plaintiff is asking this Court to reweigh the evidence. (Doc. No. 14 at 2). Defendant contends the ALJ properly rejected Dr. Galbiati's opinion and that there is no merit to Plaintiff's contention that the ALJ was required to rely on a specific medical opinion in crafting the Plaintiff's RFC. (*Id.* at 12). Further, Defendant argues that the ALJ properly analyzed Dr. Smolcic's opinion by noting Plaintiff's functioning within a clinical setting and while performing daily activities. (*Id.* at 15). Additionally, Defendant posits that the ALJ adequately evaluated Plaintiff's functional capacity evaluation because Plaintiff did not provide the examination underlying this evaluation and it is the Plaintiff's burden to supply evidence necessary to prove his case. (*Id.* at 16-17).

The Court agrees with Defendant and finds that the ALJ's decision is supported by substantial evidence. The Court finds that the ALJ sufficiently evaluated the consistency and supportability of Dr. Galbiati's opinion. For cases, such as this one, filed on or after March 27, 2017, the ALJ analyzes the persuasiveness of doctors' opinions by analyzing a variety of factors and "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability." 82 Fed. Reg. at 5853. *See also* 20 C.F.R. §§ 404.1520c(b) and (c). One court has explained the distinction between supportability and consistency as follows: "supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record." *Cook v. Comm'r of Soc. Sec.*, No. 6:20-CV-1197, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021).

Here, the ALJ sufficiently analyzed the consistency of Dr. Galbiati's opinion by noting it was "inconsistent with the objective findings" and was "inconsistent with the totality of the evidence, in particular the statement above by the claimant's social worker, that per his doctors, the claimant had no limitations[.]" (R. 26 (citing Ex. B5F at 136)). The Court finds this is a sufficient consistency analysis and comparison of Dr. Galbiati's opinion to other evidence within the record. Indeed, the ALJ listed a variety of objective evidence that was inconsistent with Dr. Galbiati's findings, including Plaintiff's unremarkable physical examinations, his normal gait, normal strength, absence of motor defects, regular heart rate and rhythm, normal range of motion, lack of sensory defects, and normal tendon reflexes. (*Id.*).

Further, the ALJ adequately analyzed the supportability of Dr. Galbiati's opinion and Dr. Galbiati's opined environmental limitations. The ALJ noted that while Dr. Galbiati's opinion was "generally supported with the [Plaintiff's] diagnoses, no specific functional limitations were supported with any specific findings." (*Id.*). As noted above, the ALJ went on to list objective evidence that did not support Dr. Galbiati's findings. (*Id.*). This is a sufficient supportability analysis, as the ALJ stated that Dr. Galbiati's opinion was not supported by his own findings. Further, the ALJ noted that there was no basis for Dr. Galbiati's opined environmental limitations, as Plaintiff's medical record did not support these limitations. (*Id.*). While the ALJ acknowledged earlier in her opinion that Plaintiff had chest pain, trouble breathing, and a racing heart, she found that the evidence as a whole did not support these environmental limitations. (R. 22, 26). Accordingly, Plaintiff's argument that the ALJ did not adequately explain her supportability analysis and did not address Dr. Galbiati's opined environmental limitations is without merit.

As to Plaintiff's argument that the ALJ should have ordered another medical examination, the Court disagrees. While an ALJ *may* order a consultative examination to resolve an inconsistency or if the record is insufficient to render a decision, he or she is

generally not required to do so.  *See* 20 C.F.R. §§ 404.1519a, 404.1520b; *Thompson v. Halter*, 45 Fed. Appx. 146, 149 (3d Cir. 2002).  Generally, an ALJ is authorized to obtain a consultative examination "if the information needed to make a disability determination, 'such as clinical findings, laboratory tests, a diagnosis or a prognosis' cannot be obtained from the claimant's medical sources."  *Tuulaupua v. Colvin*, Civ. No. 14-1121, 2015 WL 5769984, at *6 (W.D. Pa. Sept. 30, 2015) (quoting 20 C.F.R. §§ 404.1519a(a) and (b)).  The decision to order such an examination is within the sound discretion of the ALJ.  *See Thompson*, 45 Fed. Appx. at 149.  Here, Plaintiff argues the ALJ should have ordered a consultative examination because the ALJ rejected Dr. Galbiati's opinion and therefore had no opinion evidence to reasonably rely upon in formulating the RFC.  (Doc. No. 11 at 21).  This is only a perceived insufficiency that does not require the ALJ to order a consultative examination.   Indeed, the ALJ does not have to order medical opinions until she finds the one with which she agrees.  *See Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) (stating "[t]he ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations.").  Accordingly, Plaintiff's argument is without merit.

The Court also rejects Plaintiff's argument that the ALJ erred in evaluating the opinion of Dr. Smolcic.  The ALJ found this opinion "minimally persuasive" after analyzing a variety of factors, including consistency and supportability.  (R. 26-27).  Dr. Smolcic opined that Plaintiff was very limited in mental functioning, with several marked limitations and several moderate limitations.  (R. 26; Ex. B10F).  The ALJ found "these limitations were supported with an explanation; however this appeared to be largely based on the [Plaintiff's] own statements[.]"  (R. 26).  This was a sufficient supportability analysis, as the ALJ is allowed to discount a doctor's opinion when it is based on Plaintiff's statements and Plaintiff's complaints are properly discounted.  *See Morris v. Barnhart*, 78 Fed. Appx. 820, 824-25 (3d Cir. 2003).  Here, this was proper as the ALJ had previously found that Plaintiff's subjective complaints lacked credibility.   (R. 22).  Further, the ALJ's consistency analysis is also adequate since the ALJ found Dr. Smolcic's findings to be inconsistent with the totality of the evidence; for example, other evidence showed that Plaintiff's memory was intact, his thought processes were logical, and he was cooperative.  (R. 26).  Accordingly, substantial evidence supports the ALJ's analysis of Dr. Smolcic's opinion.

The Court finds no merit to Plaintiff's argument that the ALJ failed to consider Plaintiff's functioning outside the clinical setting in evaluating Dr. Smolcic's opinion.  While Plaintiff is correct that a doctor's assessment in a clinical context does not ***necessarily*** contradict that doctor's seemingly more restrictive opinion as to how Plaintiff could function in the workplace, *Brownawell v. Comm'r of Soc. Sec.*, 554 F.3d 352, 356 (3d Cir. 2008), the ALJ here evaluated Plaintiff's functioning both inside and outside the clinical setting.   Specifically, the ALJ noted that Plaintiff was independent in all activities of daily living.   (R. 24); *see Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (noting

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 10) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 13) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:	Counsel of record

---

the ALJ's decision is read "as a whole"). Thus, the ALJ was aware of Plaintiff's functioning within and outside of the clinical setting, and this informed her decision that Dr. Smolcic's opinion was inconsistent with the evidence of record.

Further, the Court finds no merit in Plaintiff's argument that the ALJ erred in evaluating Plaintiff's functional capacity evaluation. Plaintiff contends that the ALJ failed to develop the record, which was necessary to evaluate the Plaintiff's evaluation, and that the ALJ erred in conducting the consistency analysis. (Doc. No. 11 at 28-30). The ALJ noted in her opinion that Plaintiff failed to make the functional capacity evaluation part of the record. (R. 25). Despite this, the ALJ analyzed the consistency of a provider's opined limitations that seemingly made up part of this evaluation, stating, "the record is consistent with greater sustained capacity, and more specific functional limitations." (*Id.*). It is clear the ALJ did not ignore evidence but weighed all the evidence and decided that this functional capacity evaluation was not persuasive. (*Id.*). Accordingly, the Court will decline Plaintiff's invitation to reweigh the evidence on this ground.

Finally, the Court rejects Plaintiff's argument that the hypothetical posed to the VE was incomplete. (Doc. No. 11 at 27). The Court notes that "objections to the adequacy of hypothetical questions posed to a vocational expert often boil down to attacks on the RFC assessment itself." *Rutherford v. Barnhart*, 399 F.3d 546, 554 n.8 (3d Cir. 2005). As explained above, substantial evidence supports the ALJ's RFC assessment, and because the operative hypothetical accurately conveyed Plaintiff's RFC, (R. 54-55), the ALJ appropriately relied upon the VE's response.

For these reasons, the Court affirms the decision of the ALJ.